IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRETA SEMSROTH, KIM WAREHIME, SARA VOYLES, AND HEATHER PLUSH, ) ) ) | |
| Plaintiffs,     ) | **CIVIL ACTION** |
| ) | |
| v.     ) | No.  04-1245 MLB |
| ) | |
| CITY OF WICHITA and CHIEF NORMAN WILLIAMS, ) ) ) ) | |
| Defendants.     ) | |

**MEMORANDUM AND ORDER**

### I. INTRODUCTION

This case comes before the court on plaintiffs' motion for reconsideration of this court's order, (Doc. 87), denying plaintiffs' motion to certify a class action. Also before the court is plaintiffs' response to this court's order to show cause (Doc. 91). Defendants responded to plaintiffs' motion for reconsideration, (Doc. 89), and the matter is ripe for decision.

### II. Motion to Reconsider

Plaintiffs' motion to reconsider is governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." In the order denying class certification, the court specifically informed the parties that any motion to reconsider must "strictly comply with" Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). (Doc. 137 at 9.) In Comeau, this court

said,

> The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Anderson v. United Auto Workers, 738 F. Supp. 441, 442 (D. Kan. 1990); Taliaferro v. City of Kansas City, 128 F.R.D. 675, 677 (D. Kan. 1989). "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed' is likewise inappropriate." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

Comeau, 810 F. Supp. at 1174-75.

Plaintiffs assert that the court denied their motion without "undertaking a rigorous analysis as required by Fed. R. Civ. P. 23" and that the court incorrectly determined that plaintiffs had not satisfied the single-file rule for the class. (Doc. 87 at 2-3). These arguments do not satisfy the requirements of Rule 7.3 or of Comeau.

### Rule 23

The court did not conduct the analysis under Rule 23 for one simple reason: the court lacks jurisdiction over the purported Title VII class action.[1]  As explained in the order (Doc. 86 at 2),

---

[1] Plaintiffs also filed a renewed motion to certify the class which includes a request to certify their 42 U.S.C. § 1983 claim against Williams. (Doc. 88 at 2). This is an acknowledgment that plaintiffs' 70-page motion to certify was limited to their Title VII claims. (Doc. 71 at 9 and 59). In other words, plaintiffs did not seek to certify their section 1983 claim. Moreover, the First Amended Class Action Complaint only alleges a section 1983 claim by plaintiffs individually and not the class. (Doc. 53 at 25-26). This case was

-2-

"[e]xhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996). The court determined that none of the named plaintiffs who purport to represent the class exhausted their administrative remedies by adequately asserting class-wide claims before the EEOC.[2] Nevertheless, plaintiffs' motion to reconsider states:

> All charges allege that the discrimination was continuous and ongoing. (Doc. 85, Ex. 2 at 5; Exhibit 4 at 2; Doc. 74, exh. 21). Additionally, Plaintiff Semsroth stated that she has endured at the hands of "systematic and ongoing discrimination." (Id. at pg. 6). Systematic is inapposite to isolated. Moreover, the EEOC coded Plaintiff Semsroth's charge as a "terms and conditions" complaint. (Doc. 85, Ex. 2 at 5). Heather Plush's complaints were about retaliation as well as terms and conditions of her employment, thus, the "same circumstances".

(Doc. 87 at 4). Out of an abundance of caution and for the last time, the court will address these assertions.

Plaintiff Semsroth's EEOC charge stated that "[t]hese incidents are just an overview of the systematic and ongoing discrimination I endure." (Doc. 85, exh. 1 at 5)(emphasis supplied). In response to the EEOC form question that asked "what was the most recent date you experienced this harm," all plaintiffs remarked that they were

---

filed in 2004 and plaintiffs have been afforded extraordinary latitude and time to plead and do discovery with respect to their purported class action. It thus would be contrary to the letter and spirit of Fed. R. Civ. P. 1 to permit, at this late date, class action certification of any claims by any plaintiff under any theory. The court will not permit this case to proceed by a timetable dictated by plaintiffs' attempts to correct failures to bring their claims in a timely manner. Plaintiffs' renewed motion to certify (Doc. 88) is denied.

[2] One of the named plaintiffs, Heather Plush, did not even make a claim to the EEOC before filing this case. See Part II, infra.

-3-

suffering "continuous and ongoing discrimination and retaliation for the claim." (Docs. 74, exh. 21 at 2, 85, exhs. 1 at 2, 3 at 2)(emphasis supplied). While all charges used terms that indicated an ongoing problem, the charges failed to allege that the problem affected anyone other than the particular claimant.

Plaintiffs assert that no other court since 1975 has drawn such a harsh conclusion. Plaintiffs are incorrect <u>and</u> have failed to cite a single case that has allowed a class action to proceed under the single-filing rule when the EEOC charges failed to allege that anyone other than the claimant suffered discrimination. Plaintiffs citation to <u>Thiessen v. General Electric Capital Corp</u>., 267 F.3d 1095, 1110 (10th Cir. 2001), does not support their assertion. The plaintiff in <u>Thiessen</u> alleged the following in his EEOC charge:

> Mr. Thiessen also alleges that "employment decisions" for "persons similarly situated" to Mr. Thiessen show a "stark pattern unexplainable on grounds other than age" and that "the company has an express but covert policy of discriminating against older white employees." Mr. Thiessen goes on to explain, albeit briefly, the blocker policy and how "GE Capital has a pattern and practice of removing employees identified as 'Blockers' from their positions."

<u>Thiessen v. General Elec. Capital Corp.</u>, 996 F. Supp. 1071, 1079 (D. Kan. 1998). Contrary to plaintiffs' assertion, the court's determination that Thiessen's EEOC charge was sufficient to satisfy the single filing rule was not based on a "conclusory one-liner." (Doc. 87 at 4).

Accordingly, the purported class could not "piggyback" their claims under the single-filing rule set out in <u>Foster v. Ruhrpumpen, Inc.</u>, 365 F.3d 1191, 1194-95 (10th Cir. 2004). Therefore, the court was not required to perform a Rule 23 analysis when the court lacked

-4-

jurisdiction over the purported class action.

### ADEA and Title VII

Finally, plaintiffs attack the use of ADEA cases in the court's analysis and assert that "unlike the ADEA, under Title VII, a person does not have to be a named party to receive the benefits of the class." (Doc. 87 at 2-3). Plaintiffs then quote an opinion of the Fourth Circuit for the following proposition:

> One of the two Title VII cases, in a string of ADEA cases cited by the court in support of its conclusion that plaintiffs' authorities are superseded, White v. BFI Waste Servs., LLC, 375 F.3d 288, 293 (4th Cir. 2004), expressly states that "the 'single-filing rule,'. . . allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement and that . . . White simply has not joined in a lawsuit brought by those plaintiffs who filed the earlier EEOC charge from which White would like to benefit." (emphasis in original). Communications Workers of America v. New Jersey Dept. of Personnel, 282 F.3d 213, 217 (3rd Cir. 2002); Greene v. City of Boston, 204 F. Supp.2d 239 (D. Mass. 2002)(dismissing plaintiff's individual claim).

(Doc. 87 at 3, n. 2).

The court certainly hopes that plaintiffs' counsel is not attempting to mislead the court. The entire quotation from the Fourth Circuit case states as follows:

> The "single-filing rule," as applied by those circuits which have adopted it, allows plaintiffs who have not exhausted the administrative requirement of filing with the EEOC to join in a lawsuit with other plaintiffs who have exhausted the requirement, **provided that all plaintiffs' claims are substantially similar and that the EEOC charge itself gave notice of the charge's collective nature**. See, e.g., Bettcher v. Brown Schools, Inc., 262 F.3d 492, 494-95 (5th Cir. 2001) (setting forth the requirements for invocation of the "single-filing rule"); Tolliver v. Xerox Corp., 918 F.2d 1052, 1056 (2d Cir. 1990) (same); see also Dalton v. Employment Security Comm'n, 671 F.2d 835, 838 (4th Cir. 1982) (noting that the Fifth Circuit had applied such a rule in Crawford v. United States Steel Corp., 660 F.2d 663, 665-66 (1981), but noting also that the Ninth

> Circuit had declined to apply such a rule in Inda v. United Air Lines, Inc., 565 F.2d 554, 558-59 (9th Cir. 1977)). By its terms, this rule would be entirely inapplicable here even if our circuit were to adopt it: **White simply has not joined in a lawsuit brought by those plaintiffs who filed the earlier EEOC charge from which White would like to benefit**. Cf. Bettcher, 262 F.3d at 495 (rejecting a plaintiff's attempt to invoke the "single-filing rule" because the individual who filed the EEOC charge did not himself bring suit). Rather, White has brought suit on his own behalf.

White v. BFI Waste Services, LLC, 375 F.3d 288, 293-294 (4th Cir. 2004)(emphasis supplied). The court in White did not apply the single-filing rule since the plaintiff had already filed his own EEOC charge and a complaint. The circuit determined that "[w]hat White truly seeks is not to invoke the "single-filing rule," but some form of "relation back" between his claim and the earlier EEOC charge filed by other employees. Id. Moreover, the Fourth Circuit's interpretation of the rule is identical to that of this court's order. The other two cases cited by plaintiffs also apply the single-filing rule as identified by the court's prior order.

Plaintiffs' assertion that the court was incorrect in using authority from the ADEA arena further demonstrates that plaintiffs reading of Foster is critically flawed. In Foster, the Tenth Circuit clearly stated that the single filing rule is applicable in both the ADEA and Title VII cases. See Foster, 365 F.3d at 1197 (in "Title VII and the ADEA [cases], the federal courts have universally recognized an exception to the individual filing rule . . . [t]his exception to the individual filing requirement is known alternatively as the "'single filing rule'"). Foster also explained:

> As the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges, Title VII cases are applicable here. See Terry v. Ashcroft,

-6-

> 336 F.3d 128, 151 (2d Cir. 2003) (noting that "the administrative exhaustion requirement is the same under the ADEA as it is under Title VII" and that, as a result, judicially-recognized exceptions to the Title VII filing requirement "also apply to claims brought pursuant to the ADEA"); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 395 n. 11, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (observing that "when Congress in 1978 revised the filing requirement of the Age Discrimination in Employment Act of 1967," it "was modeled after Title VII").

Id. at 1195, n. 1. Therefore, it was entirely proper for the court to consider ADEA cases in order to determine if plaintiffs had exhausted their administrative remedies.

For these reasons and those stated in the court's previous order (Doc. 86), plaintiffs' motion to reconsider is denied.

### III. Show Cause Order

In the order denying plaintiffs' class certification (Doc. 86), the court ordered plaintiffs to show cause why their section 1981 claim should not be dismissed for failure to state a claim and why plaintiff Plush's Title VII claim should not be dismissed for lack of jurisdiction. (Doc. 86 at 16). Plaintiffs have responded that dismissal of their section 1981 claim is warranted. Plaintiffs' 42 U.S.C. § 1981 claim is accordingly dismissed.[3]

In addressing Plush's Title VII claim, Plush attempts to convince this court that all plaintiffs were somehow sandbagged because the issue of exhaustion was not raised in any motion to dismiss.

---

[3] The court is concerned that this claim was not voluntarily dismissed by plaintiffs at an earlier stage in this action. Plaintiffs concede that they are not minorities. Instead of voluntarily dismissing a claim that has no basis in law, plaintiffs proceeded to assert that their section 1981 claim should be certified by this court. (Doc. 85 at 2). In the future, the court cautions plaintiffs' counsel to adequately inspect his filings to save both counsel and the court time.

Regardless of whether defendants could have raised this issue on a motion to dismiss, the issue was raised in response to plaintiffs' motion to certify. The court reminds plaintiffs that "a court may dismiss a case for lack of jurisdiction at any stage of the proceeding." Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974).

Plush argues that her Title VII claim should not be dismissed for lack of jurisdiction based on the reasons set forth in plaintiffs' motion for reconsideration. Since the court has found that those arguments lack merit, supra, plaintiff Plush's Title VII claim will be dismissed.

The court notes that Plush had an opportunity to establish why she, as an individual plaintiff, satisfied the single filing rule under either test set out in Foster, but failed to do so. The court is under no obligation to perform her research nor make arguments on her behalf. See Phillips v. Hillcrest Med. Ctr., 244 F.3d 790, 800 (10th Cir. 2001). However, the court concludes that in the abundance of caution it will address any potential arguments as to whether plaintiff Plush's claims satisfy the single filing rule.

Plush alleges that on two separate occasions in May 2004 she was verbally reprimanded by Sergeant Hungria and dismissed from the crime scene because she was no longer needed. (Doc. 53 ¶¶ 79-80). Plush claims she was also subjected to discipline when she asked clarification from a supervisor on the scene of a call, requested a transfer from Sergeant Hungria, and that complaints were filed against her in retaliation for this action against defendants. (Doc. 53 ¶¶ 81-83).

As explained in this court's prior order, the broader test of the single filing rule requires that any single plaintiff who wishes to piggy-back on the EEOC charge of another named plaintiff must demonstrate that "their claims arose out of the <u>same</u> <u>circumstances</u> and occurred within the same general time frame." <u>Foster</u>, 365 F.3d at 1199(emphasis supplied). While all plaintiffs have made a general allegation in their EEOC charges of retaliation, Plush's allegations occurred <u>after</u> the filing of the complaint. Therefore, Plush's allegations of retaliation did not arise out of the same circumstances nor occur within the same time frame as the other named plaintiffs.

Next, the court will consider Plush's allegations of May 2004. Warehime was the only plaintiff to make an allegation that occurred in 2004; all allegations of the other plaintiffs occurred in the years prior to 2004. Warehime's allegation was that she was interrogated in January 2004 for attending a luncheon. (Doc. 74, exh. 21 at 2). This allegation does not arise out of the same circumstances nor occur within the same general time frame as Plush's allegations of mistreatment in May 2004.

Plush also alleges that she was subjected to discipline by requesting clarification from a call. After a review of the EEOC charges made by the other plaintiffs, the court finds that these EEOC charges do not make a similar allegation. Plush asserts that she was denied a transfer, similar to Warehime. While Warehime did allege in the complaint that she was denied a transfer (Doc. 53 ¶ 71), she failed to make this allegation in her EEOC charge. As such, the EEOC was not provided notice of this allegedly discriminatory conduct. Since this allegation was not included in Warehime's charge, the court

cannot find that Plush's allegation arose out of the same circumstances or time frame.

Moreover, for the same reasons set out in the court's prior order, Plush cannot satisfy the narrower test set out in Foster. The charges filed with the EEOC did not give the EEOC or the employer notice that the alleged discrimination encompassed individuals other than those who filed the charges. Foster, 365 F.3d at 1198.

Accordingly, plaintiff Plush's Title VII claims are dismissed, without prejudice, for lack of jurisdiction.[4]

## IV. CONCLUSION

Plaintiffs' motion for reconsideration (Doc. 87) is denied.[5] Plaintiffs' section 1981 claim is dismissed, with prejudice. Plaintiff Plush's Title VII claim is also dismissed, without prejudice. This case is now returned to the magistrate judge for consideration of any pretrial issues relating to plaintiffs' remaining non-class action claims and defendants' defenses.

IT IS SO ORDERED.

Dated this __20th__ day of October 2005, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff Plush's request to stay the proceedings until her administrative remedies are complete is denied.

[5] Plaintiffs also request that the court certify its order denying plaintiffs' motion for class certification. Plaintiffs, however, fail to cite any authority that would allow the court to certify the order under Fed. R. Civ. P. 54(b). Failure to make argument or cite authority constitutes abandonment. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 (10th Cir. 1992). Plaintiffs' motion (Doc. 87) is denied.