# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GRETA SEMSROTH, et al.,            )
                                   )
                  Plaintiffs,      )
                                   )
v.                                 )   Case No. 04-1245-MLB
                                   )
CITY OF WICHITA, et al.,           )
                                   )
                  Defendants.      )
_____)

## MEMORANDUM AND ORDER

Now before the Court is Plaintiffs' Motion for Leave to Amend Complaint. (Doc. 106.) Defendants filed a response opposing Plaintiffs' Motion (Doc. 107), and Plaintiffs filed a reply (Doc. 108). The Court, having carefully reviewed the briefs and attachments, is prepared to rule.

## BACKGROUND

Plaintiffs, female officers of the City of Wichita's ("City") police department ("Department"), have brought claims against the City and Police Chief Norman Williams ("Williams") for sexual harassment, hostile work environment, and gender discrimination in violation of Title VII, violations of the Equal Pay Act, and violations of equal protection. The following is a brief chronology of the events leading up to the filing of the present motion to amend.

Plaintiffs Semsroth and Voyles filed their EEOC charges of Title VII gender discrimination in March 2004. (Doc. 85, Exhs. 1, 3.) The various charges alleged ongoing violations, but "failed to allege that the problem affected anyone other than the particular claimant." (Doc. 92 at 4.) Plaintiff Semsroth received her right-to-sue letter from the EEOC on May 24, 2004 (Doc. 85, Exh. 1), and Voyles received hers on June 29, 2004 (*Id.* at Exh. 3).

Plaintiffs filed their initial Class Action Complaint in this Court on July 28, 2004 (Doc. 1), almost two full years before the present motion to amend was filed. The initial Complaint was brought against the City of Wichita, City of Wichita Police Department, and Chief Norman Williams individually and in his official capacity, and it contained the following claims: gender discrimination under Title VII and 42 U.S.C. § 1981; violations of the Equal Pay Act and Kansas Equal Pay Laws; violation of due process; denial of equal protection; violations of the right to privacy and/or association; conspiracy; intentional infliction of emotional distress; negligent training, supervision, and discipline; and failure to train, supervise, and discipline. (*Id.*)

Defendants filed motions to dismiss seeking a dismissal of Defendant City of Wichita Police Department (Doc. 7), a dismissal of the state law claims against all Defendants (Doc. 14), and a dismissal of the official capacity claims and certain

causes of action against Defendant Williams (Docs. 9, 16). On October 25, 2004, all of these Motions to Dismiss were granted. (Doc. 31.) The next day, October 26, 2004, the undersigned magistrate judge held a conference with counsel to set deadlines for discovery matters and issued a Scheduling Order. (Doc. 32.) Another status conference was held on December 6, 2004, and the Court entered another Order concerning scheduling and discovery matters. (Doc. 39.) A third status conference was held on January 18, 2005, and the Court entered another Order dealing with resolution of discovery disputes. (Doc. 46.) This Order also noted that Plaintiffs had indicated a desire to amend their initial complaint, and it included a deadline of February 1, 2005, for the filing of any motions to amend. (Doc. 46 at ¶ I(d).)

Plaintiffs filed their first Motion to Amend Complaint on January 31, 2005. (Doc. 47.) By Order dated March 22, 2005 (Doc. 51), Plaintiffs' motion was granted in part and denied in part. Plaintiffs' First Amended Class Action Complaint was then filed on March 31, 2005. (Doc. 53.) It contained the following claims: gender discrimination under Title VII and 42 U.S.C. § 1981; violations of the Equal Pay Act; denial of equal protection pursuant to 42 U.S.C. § 1983; and conspiracy in violation of 42 U.S.C. § 1985. (*Id.*) A summary of Plaintiffs' present claims as contained in the First Amended Class Action

Complaint is contained in the District Court's Memorandum and Order denying Plaintiffs' Motion for Class Certification (Doc. 86), and is incorporated herein by reference.

After receiving two extensions (Docs. 52, 67), Plaintiffs filed a Motion to Certify Class and supporting memorandum on July 7, 2005 (Docs. 70, 71.)  After full briefing (*see* Docs. 82, 85), the District Court denied the Motion to Certify by Order dated September 29, 2005 (Doc. 86), holding that it did not have jurisdiction over Plaintiffs' class action claims because Plaintiffs failed to exhaust their administrative remedies with the EEOC by failing to include class action allegations in their administrative filings.

The next day, September 30, 2005, Plaintiffs filed a Motion for Reconsideration (Doc. 87) and a renewed Motion to Certify Class (Doc. 88). By Order dated October 21, 2005 (Doc. 92), the District Court denied Plaintiffs' Motion for Reconsideration and reiterated that it did not have jurisdiction over the proposed Title VII class action.  The District Court stated in no uncertain terms that it

> would be contrary to the letter and spirit of Fed.R.Civ.P. 1 to permit, at this late date, class action certification of any claims by any plaintiff under any theory.  The court will not permit this case to proceed by a timetable dictated by plaintiffs' attempts to correct failures to bring their claims in a timely manner.

(Doc. 92 at n. 1.) (Emphasis in original.)

Plaintiffs subsequently filed the present motion on June 23, 2006, requesting leave to again amend their complaint. (Doc. 106.) Plaintiffs' proposed Second Amended Class Action Complaint (Doc. 106, Exh. 6), contains the following causes of action: gender discrimination in violation of Title VII; violations of the Equal Pay Act; and denial of equal protection pursuant to 42 U.S.C. § 1983. According to Plaintiffs' motion, the proposed Amended Complaint

> incorporated facts learned through the course of discovery and eliminates other facts that were clarified during discovery. Additionally, plaintiffs' Amended Complaint properly places the class allegations before the court as the plaintiffs, and each of them, have exhausted class claims in front of the EEOC.

(Doc. 106 at ¶2.) Included in the proposed Second Amended Class Action Complaint are factual allegations concerning a statistical analysis, apparently done by Plaintiffs' expert witness,[1] relating to the purported disparate treatment and disparate impact of the City's policies regarding hiring, promotion, compensation, and discipline of female officers. (*Id.*, Exh. 6 at ¶¶ 52-59.)

Defendants filed a response on June 28, 2006. (Doc. 107.) Defendants

---

[1] The proposed Second Amended Class Action Complaint identifies a Dr. Robert Bardwell as the person who analyzed data from the Wichita Police Department, and refers to an Exhibit A. (Doc. 106, Exh. 6 at ¶ 48.) No Exhibit A was included with the proposed Second Amended Class Action Complaint filed with the motion to amend.

argued that Plaintiffs' motion should be denied because it failed to comply with local rules regarding motions to amend, it did not establish good cause for modifying the Scheduling Order, it did not establish good cause for Plaintiffs' delay in seeking to amend the Complaint, Defendants would be prejudiced by the amendment, and the proposed amendment is futile.  (*See generally, Id.*)

Plaintiffs replied on July 11, 2006, contending that they "should not be punished for proceeding under a good faith basis that the EEOC charges were sufficient to place the defendant on notice of the class allegations."  (Doc. 108, at 2.)  Plaintiffs continued that they "did not have any deficiency to cure until the District Court held that it did not have jurisdiction over plaintiffs' claims."  (*Id.*)  Plaintiffs also contend that the proposed amendment is not futile, Defendants would not be unduly prejudiced, and that their motion was procedurally correct.[2]

---

[2]  The procedural issue raised by Defendants is the allegation that Plaintiffs failed to include in their motion "a concise statement of the amendment."  *See* Doc. 107 at 1 (citing D.Kan. Rule 15.1).  Admittedly, Plaintiffs' description of the substance of the proposed amendment is rather generic in nature.  This is somewhat troubling because the proposed amended complaint is lengthy (31 pages and 113 substantive paragraphs), thus requiring the Court to spend an inordinate amount of time determining the precise changes that were being made by the proposed amended pleading.  However, at the Court's request, Plaintiffs' counsel provided a detailed computer comparison of the First Amended Class Action Complaint and the proposed Second Amended Class Action Complaint.  Therefore, the Court will not decide this motion on procedural grounds.

## DISCUSSION

**A.     "Good Cause" Standard.**

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

However, in this case, the Court has previously set a deadline for filing motions to amend in a prior scheduling order (Doc. 46 at ¶ I(d)), and that date has not been extended by the Court.  Therefore, the deadline for filing motions to amend – February 1, 2005 – expired approximately a year and four months before Plaintiffs' present motion to amend was filed.  Accordingly, the Court will treat Plaintiffs' motion as a motion to amend the Scheduling Order to allow a late filing of an amended complaint.  *See* ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Amendments to the Scheduling Order are not freely given. Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Denmon***, 151 F.R.D. at 407. Lack of prejudice to the nonmovant does not establish good cause. ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D. Kan. 1995).

The present motion must fail, in the Court's opinion, because Plaintiffs have failed to carry their burden of establishing good cause for the amendment of the scheduling order at this late date to allow another amendment of their complaint. Even applying only the standards in Rule 15, the Court would deny the motion to amend because of undue delay and undue prejudice to Defendants.[3]

**B.   Undue Delay**.

Plaintiffs contend their proposed amended complaint "incorporates facts learned through the course of discovery and eliminates other facts that were clarified during discovery." (Doc. 106 at 2.) While this may be true, Plaintiffs have not explained why the elimination or clarification of these facts was necessary

---

[3] Because the Court has determined Plaintiffs' proposed amendment was unduly delayed and would cause undue prejudice to Defendant, any discussion by the Court regarding futility of the amendment would be superfluous.

or how it bears on the issue of good cause.

Plaintiffs are not required to place every new factual allegation learned through discovery before the Court in the form of an amended complaint.[4]  Further, they are not required to amend the complaint to "eliminate" or "clarify" every fact alleged to conform with information learned through the course of discovery.  If they wish "to eliminate" a claim (such as their § 1985 claim), they can do so by a motion to dismiss that claim, or they can eliminate the claim from any proposed pretrial order.  Furthermore, the pretrial conference provides sufficient opportunity for Plaintiffs "to clarify" their factual contentions.  *See* Fed.R.Civ.P. 16, D. Kan. Local Rule 16.2.

It is apparent to the Court that Plaintiffs' sole motivating reason for filing the present motion to amend is to cure the jurisdictional deficiencies of their prior

---

[4] The "new" facts referred to by Plaintiffs relate to specific instances of retaliation each of the four Plaintiffs claim to have endured after, and as a result of, the filing of this lawsuit.  *See* Doc. 106, Exh. 6 at ¶¶ 73-74 (Semsroth's events in July and August 2005); ¶¶ 84 (Warehime's events in June 2005);  ¶¶ 90-91 (Voyles' events in December 2004 and June 2005); and  ¶ 98 (Plush's events in May through July 2005).  These are more accurately described as "supplemental" in nature since all occurred after the filing of this action.  *See e.g.,* Fed.R.Civ.P. 15(d).  The Court notes, however, that these supplemental claims of retaliation are unique to these four named Plaintiffs because that retaliation is claimed to be the result of the filing of this action.  No female police officer other than the named Plaintiffs would have a similar retaliation claim; thus, such claims are irrelevant to the proposed class.  As to the "new" statistical allegations, the Court does not recall an instance where a party has sought to amend in order to clarify a complaint by attaching a copy of their expert's report or quoting from such a report at length.  None of these "new" allegations are a sufficient reason for filing another amended complaint.

EEOC filings and to re-assert their prior class action claims. (*See generally* Docs. 86 and 92 for District Court's discussion of this issue.) Plaintiffs have not, however, established good cause for failing to do so in a more timely manner.

Plaintiffs contend that "they should not be punished for proceeding under a good faith basis that the EEOC charges were sufficient to place defendant[s] on notice of the class allegations. Plaintiffs did not have any deficiency to cure until the District Court held that it did not have jurisdiction over plaintiffs' claims." (Doc. 108 at 2.) The Court cannot agree with this reasoning. Plaintiffs' counsel are, or should be, familiar with the administrative prerequisites of filing a federal employment discrimination claim. Any deficiency in Plaintiffs' previous class action complaints existed as a result of deficiencies in the filing of the administrative charges, and those deficiencies occurred long before the District Court brought it to the attention of counsel when it denied the motion to certify a class.

In addition, Defendants' Answers to Plaintiffs' Complaint and First Amended Complaint contained the affirmative defense that Plaintiffs had failed to exhaust their administrative remedies. (Doc. 18 at ¶ 60, Doc. 19 at ¶ 47, Doc. 55 at ¶ 57, Doc. 56 at ¶ 35.) Defendants' original Answers were filed on September 2, 2004 – approximately five months <u>before</u> the Court's deadline to amend the

pleadings. As such, Plaintiffs were clearly placed on notice of this administrative deficiency. Plaintiffs could have addressed this issue in the first motion for leave to amend which they filed within the deadlines set by the Court, but they did not. They have failed to establish that the deadline "could not have been met with diligence," ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan. 1993), or, at a minimum, in a more timely manner. For this reason, the Court finds Plaintiffs' delay in bringing the proposed amendments to be undue.

**C.    Undue Prejudice**.

Defendants also argue that they would suffer undue prejudice if Plaintiffs are allowed to file the proposed Second Amended Class Action Complaint. The Court notes, however, that even if there were no prejudice to Defendants, this fact alone does not establish good cause for filing a motion to amend after the Court-imposed deadline. *See* ***Deghand v. Wal-Mart Stores, Inc.,*** 904 F.Supp. at 1220. However, in this case the Court is inclined to agree that allowing this late amendment would result in prejudice to Defendants.

Plaintiffs admit significant discovery has occurred. (Doc. 106 at 2.) Most importantly, defense counsel has completed the depositions of Plaintiffs. (*Id.*) Defendants also have served written discovery requests on Plaintiffs. (*Id.*) Plaintiffs' proposed Second Amended Complaint contains new factual allegations

by all Plaintiffs and an entirely new cause of action by Plaintiff Plush.  Under these circumstances, the Court agrees with Defendants' concerns that they would have to reopen the depositions of all of the Plaintiffs and engage in other forms of discovery.  (Doc. 107 at 5.)  At this stage in the proceedings – two years after the filing of the initial Complaint and after the completion of significant discovery – this would be the epitome of undue prejudice to Defendants.

Finally, the Court has now issued a Final Scheduling Order in this case (Doc. 110), which sets a discovery cutoff of October 31, 2006.  Based upon prior discovery in this case, the Court does not believe that this deadline could be met if the Court were to allow the amendment now sought by Plaintiffs.  Therefor, Plaintiffs' motion is DENIED.

## CONCLUSION

Plaintiffs have failed to carry their burden of establishing good cause for the proposed amendment.  They have not provided a sufficient good faith explanation to the Court for the undue delay in bringing their second Motion for Leave to Amend Complaint.  (Doc 106.)  Also, allowing the amendment at this stage of the proceedings would cause undue prejudice to Defendants, who have dedicated significant time, energy, and expense to discovery in this matter - - much of which would need to be reopened if Plaintiffs were allowed to make additional factual

allegations and, in the case of one Plaintiff, bring an additional claim.

In short, the arguments and evidence submitted by Plaintiffs in support of their motion are insufficient to persuade this Court to ignore the District Court's admonition that it "would be contrary to the letter and spirit of Fed.R.Civ.P. 1 to permit, at this late date, class action certification of any claims by any plaintiff under any theory." Doc. 92 at n. 1.) (Emphasis in original.) The proposed amendment, therefore, must be DENIED.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 106) is DENIED.

Dated at Wichita, Kansas, on this 5th day of September, 2006.

    s/   Donald W. Bostwick
    DONALD W. BOSTWICK
    United States Magistrate Judge